bail to the sheriff in the replevin bond might be improperly affected by such a decision. When they became sureties for the plaintiff, they would naturally regard the *quantum* of rent then claimed by the landlords, and determine their conduct accordingly.

Report set aside.

# Pelatiah Fitch and Rufers Lawrence plaintiffs in error *against* Rempublicam.

Indictment that B. was peaceably possessed in his demesne as of fee of certain lands, and continued so seized and possessed until F. and L. thereof disseised him, and him so disseised and expelled did keep out, &c. held good on error.

WRIT of error to Luzerne county, on a conviction of forcible entry and detainer on the 21st August 1799, whereon judgment had been rendered for the commonwealth.

The indictment stated, that " Nathan Beach, esq. was lawfully " and peaceably possessed in his demesne as of fee of a certain " tract of land in Huntingdon township in Luzerne county, and " continued so seized and possessed, until Pelatiah Fitch of, &c. " and Rufers Lawrence of, &c. with other malefactors unknown, " on the 26th March 1799, with strong hand and armed power " into the tract of land aforesaid, with the appurtenances, in the " township and county aforesaid, unlawfully did enter, and him " the said Nathan Beach · thereof disseised, and him the said " Nathan with force and arms and strong hand expelled, and " him the said Nathan, so disseised and expelled from the said " tract of land, with the appurtenances, from the said 26th day " of March, until the day of the taking this inquisition, with like " force and arms, and strong hand and armed power, did keep out " and do yet keep out, to the great damage of," &c.

Mr. Ingersoll for the prosecutor admitted, that the word possessed, as applied to an estate of freehold was improperly used, but contended that there was sufficient matter laid in the indictment, to shew that Nathan Beach, who was put out of possession, was seized of a freehold, to bring him within the purview *of the statute of 8 H. 6. 1 Haw. c. 64, § 38. 2 Burns, *50]    J. 204, 14th ed. It is stated, that he was possessed, in his demesne as of fee, continued so seized and possessed, until the defendants disseised him, and him so disseised and expelled, did keep out, &c. Disseisin is a term of art, and refers to a freehold interest. Farresl. 123. Exception, that an indictment did not say *adtunc existent, liberum tenementum,* and that it is not supplied by the the word *disseisivit,* disallowed. Allen 49. The expressions " demesne as of fee," " continued so seized," " and so disseised and expelled," &c., exclude every idea that it was less than an estate of freehold. Seized or possessed of a

[Fiss' Executors *v.* Emory.]

messuage or house, then being the freehold of A, proves that he was seized of such an estate, whereof he might be disseised. Cro. Jac. 633. No words of freehold in an indictment, but the words *expulit* and *disseisivit*, which could not be true, if the party expelled and disseised had not a freehold ; exception disallowed. 3 Leon. 102.

By the Court. The indictment has not been drawn with accuracy. Though the word *disseisivit* may be taken to imply a freehold, yet it is not sufficient without shewing what estate the person disseised had. 1 Vent. 306. But the other words in the indictment seem sufficiently to shew that Beach was seized of a freehold estate, according to the authorities cited.

Judgment affirmed.

Mr. Dick for the defendants, was not present at the argument.